UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TICER,<br>Plaintiff,<br>v.<br>GREGORY YOUNG, et al.,<br>Defendants. | Case No. 16-cv-02198-KAW<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL**<br>Re: Dkt. No. 107 |

On August 22, 2018, Defendants filed an administrative motion to file under seal the entirety of the parties' joint letter brief, which concerns the propriety of Plaintiff's redactions to his mental health records. (Dkt. No. 107.) Defendants assert that sealing is appropriate because the joint letter concerns Plaintiff's mental health history, and further asserts that redaction of the entire joint letter -- or pages 2 through 5, which is the vast majority of the letter -- is necessary because there are frequent mentions of Plaintiff's mental health history, "making it impractical to redact only certain words from the text." (*Id.* at 2.)

The Court DENIES the administrative motion to file under seal. First, the request to seal the vast majority of the joint letter is not proper; there are significant parts of the joint letter which do not refer to Plaintiff's mental health history specifically, but instead contain general legal arguments. Redaction of those parts would not be proper. Second, it is not clear what authority exists to redact **all** mentions of Plaintiff's mental health history. It is a matter of public record that Plaintiff suffers from psychiatric disabilities; indeed, that is the basis of this case, and it is not clear what authority will support the redaction of Plaintiff's specific diagnoses for the duration of this case. While Defendants cite to authority recognizing a privilege protecting confidential communications between a psychotherapist and his/her patient, the parties do not explain whether

1 this privilege extends to diagnoses and specific events at issue in this motion.

2 The parties may again move to file the joint letter or portions thereof under seal by **September 11, 2018**. The proposed redactions must be limited to only those parts that are sealable. The parties must also submit legal authority and a declaration establishing that the proposed redactions are sealable. Reference to a stipulation or protective order is not sufficient to establish that a document, or portions thereof, are sealable. (*See* N.D. Cal. Local Rule 79-5(d)(1)(A); *see also* Rule 79-5(e) ("Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable).

IT IS SO ORDERED.

Dated: August 28, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge