United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK TICER,<br>　　　　Plaintiff,<br>　　v.<br>GREGORY YOUNG, et al.,<br>　　　　Defendants. | Case No. 16-cv-02198-KAW<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 110 |

On August 22, 2018, Defendants filed an administrative motion to file under seal the entirety of the parties' joint letter brief, which concerns the propriety of Plaintiff's redactions to his mental health records. (Dkt. No. 107.) On August 28, 2018, the Court denied the motion to file under seal, finding that the request was overbroad and that it was not clear what authority existed to redact all mentions of Plaintiff's mental health history, particularly when Plaintiff's psychiatric disabilities "is the basis of this case." (Dkt. No. 108 at 1.) The Court also noted that it was "not clear what authority will support the redaction of Plaintiff's specific diagnoses for the duration of this case." (*Id.*) The Court permitted the parties to file a renewed motion to file under seal that was more narrowly tailored.

On September 11, 2018, the parties filed a joint renewed administrative motion to file under seal. (Dkt. No. 110.) The renewed motion sought to redact portions of the joint letter that concerned the diagnoses that Plaintiff asserts are not at issue in this suit, as well as some family history.

The Court GRANTS the motion to file under seal. In general, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978)).  Thus, "[u]nless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Id.* (internal quotation omitted).  This public policy, however, does "not apply with equal force to non-dispositive materials." *Id.* at 1179.  For non-dispositive motions, the parties need only show that "'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id.* at 1180 (internal quotation omitted).  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Here, the joint letter refers to Plaintiff's private medical information.  The redactions are limited to conditions that Plaintiff asserts are not at issue in this case, and may never be at issue.  Thus, the Court finds there is good cause to allow for sealing.

While the Court finds there is good cause to redact particular psychiatric conditions in the joint letter, the Court notes that on the merits, Defendants would appear to have a right to discovery on those conditions, subject to the protective order.  The diagnoses at issue are highly relevant to the case because Plaintiff's psychiatric disabilities are the basis of this lawsuit.  While Plaintiff may disagree which specific diagnoses have led to his harm, given the nature of this case, Defendants have the right to discovery to determine how his other mental conditions may have affected his disability or emotional distress claims.

Accordingly, the renewed motion to file under seal is GRANTED.  If the parties still require a ruling on the joint letter, a redacted joint letter may be filed redacting the portions concerning diagnoses that Plaintiff asserts are not at issue.

IT IS SO ORDERED.

Dated: October 5, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge